IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL OSHEA HAYES,

      Plaintiff,

v.                                                                                             No. 1:26-cv-00069-WJ-JFR

CYFD EMPLOYEES,
APD OFFICERS and
DOES 1-10,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiff filed the Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed January 14, 2026. This case arises from a child custody issue. Plaintiff asserted claims against District Attorney Troy Gray, CYFD employee Kimberly Ibarro, Albuquerque Police Officers, and state-court Judge W. Parnell. Many of the factual allegations are vague, for example, "unlawful investigation, false statements, tainted evidence," "due process violations," "closed case reopened without new evidence," "rumor-based prosecution," and "retaliatory + selective enforcements." Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      United States Magistrate Judge John F. Robbenhaar notified Plaintiff that the Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because it does not explain what each Defendant did to Plaintiff and ordered Plaintiff to file an amended complaint. *See* Order for Amended Complaint, Doc. 7, filed January 16, 2026 (notifying Plaintiff that "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff

believes [*each*] defendant violated") (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

Plaintiff filed a two-and-a-half page Amended Complaint that alleges: (i) APD Officers supplied CYFD with false information; (ii) CYFD relied on the information to initiate child-welfare proceedings; (iii) Plaintiff was not provided with "meaningful notice" of the factual basis for removal of the child; (iv) Plaintiff was denied a "meaningful opportunity" to contest the allegations; and (v) "Defendants retaliated" by imposing a "courthouse access ban."  Amended Complaint, Doc. 11, filed January 20, 2026.  The Amended Complaint does not describe the allegedly false information provided by unidentified APD Officers, when they provided the information or what specific rights Plaintiff believes the APD Officers violated.  The Amended Complaint does not describe the process Plaintiff was due and the process Plaintiff was afforded, and does not identify which Defendants allegedly deprived Plaintiff of due process by not providing him notice and an opportunity to be heard regarding the allegations.  *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?"); *Onyx Properties LL v. B. of County Comm'rs of Elbert County*, 838 F.3d 1039, 1043 (10th Cir. 2016) ("The essence of procedural due process is the provision to the affected party of *some* kind of notice and ... *some* kind of hearing").  Nor does the Amended Complaint identify which Defendants retaliated against Plaintiff by imposing a courthouse access ban.

The Court dismisses this case without prejudice for failure to state a claim because the Amended Complaint does not explain what each Defendant did to Plaintiff, when they did it and

what specific right Plaintiff believes each Defendant violated. *See* 28 U.S.C. § 1915(e)(2) ("the court *shall* dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim") (emphasis added). Because it is dismissing this case, the Court denies the pending motions as moot.

    **IT IS ORDERED** that:

    (i)    This case is **DISMISSED without prejudice.**

    (ii)    The following motions are **DENIED as moot**:

        (a)    Plaintiff's Motion to Suppress, Dismiss, and Vacate, Doc. 4, filed January 14, 2026;

        (b)    Plaintiff's Motion to Modify or, in the alternative, Vacate Administrative Order and Request for Hearing, Doc. 5, filed January 14, 2026; and

        (c)    Plaintiff's Motion for Preliminary Injunction, Doc. 10, filed January 20, 2026.

/s/_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**